## The State *vs.* Bancroft.

An indictment for burglary may be supported by circumstantial evidence, and it is not necessary to show that the entry could not have been made in the day time.

The night time consists of the period from the termination of day light in the evening, to the earliest dawn of the next morning.

INDICTMENT for burglary, in breaking and entering the dwelling-house of one William Stickney, about the hour of twelve, in the night time of the ninth of November, A. D., 1837, with intent to steal, and stealing therefrom one butter firkin, and thirty pounds of butter.

The only direct evidence to show that the entry and taking of the property was in the night time, was the testimony of the wife of said William, that she saw the firkin of butter, in the back room, on the ninth of November, after dark ; and that in the morning, when she got up, it was gone.

The defendant's counsel contended that there was not sufficient evidence that an entry was made in the night time ; but the court submitted the evidence to the jury, with instructions that it was competent for them to consider ; and that if they were satisfied, beyond a reasonable doubt, that the defendant entered after daylight was gone, and before daybreak the next morning, they might find an entry in the night time.

The jury having found the defendant guilty of entering in the night time, without breaking, with intent to steal, his counsel moved for a new trial.

*Gove*, A. G., for the state.

*Chamberlain*, & *Wilson*, for the defendant.

PARKER, C. J.    The evidence in this case was sufficient to authorize the jury to find that the entry was made in the night.    Such a fact may be shown by circumstantial evidence, like other facts ; and the testimony that the butter was seen in the house after it was dark, and was missing the next morning when the witness got up, led very strongly to the conclusion that it was taken in the course of the night ; although the precise hour when the witness called it dark, did not appear, and the time when she arose in the morning was not stated.    At whatever time in the morning the loss was discovered, the jury might well weigh the probability whether the article would have been taken from the house in the day time, in connexion with the other evidence.    It was sufficient that, upon the whole case, they had no reasonable doubt that the act was done in the night time.

The direction as to what constituted the night time was correct.    "It hath been anciently held, that after sunset, though daylight be not quite gone, or before sunrising, is *noctanter*, to make a burglary."    1 *Hale's P. C.* 550.    "But it is now generally agreed, that if there be daylight enough

The State *v.* Bancroft.

begun or left, either by the light of the sun or twilight, whereby the countenance of a person may reasonably be discerned, it is no burglary : but that this does not extend to moonlight ; for then many midnight burglaries would go unpunished." 2 *East's P. C.* 509 ; 1 *Hale's P. C.* 550. If the rule laid down in the charge to the jury was not precisely the same as that found in the authorities just cited, it was substantially the same, and quite as favorable for the prisoner. There is no intervening time between the night and the day ; and when the light of the latter is entirely gone, and the great characteristic which distinguishes it from night no longer exists, the day terminates with it. The next day commences with the earliest dawn, and the night of course ends at that time. That the matter does not depend upon the degree of light, and the ability to distinguish objects at the time, is evident, because the light of the moon, however bright it may be, makes no difference.